# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF VIRGINIA
**Norfolk Division**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Phyllis Delores Whichard | ) | |
| | ) | Case No. 13-71316-SCS |
| | ) | |
| Debtor | ) | Chapter 13 |
| | ) | |
| Address    808 Freedom Avenue | ) | |
| Portsmouth, VA 23701 | ) | |
| | ) | |
| Last four digits of Social Security or Individual | ) | |
| Tax-payer Identification (ITIN) No(s).: 9517 | ) | |

## NOTICE OF OBJECTION

Westgate Lakes, LLC has filed papers with the court to object to the confirmation of the Chapter 13 plan filed by the Debtor.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

If you do not want the court to grant the relief sought in the objection, or if you want the court to consider your views on the objection, then you or your attorney must:

☐ File with the court, at the address shown below, a written request for a hearing [or a written response pursuant to Local Bankruptcy Rule 9013-1(H)]. If you mail your request for hearing (or response) to the court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above.

    Clerk of Court
    United States Bankruptcy Court
    600 Granby Street, Room 400
    Norfolk, VA 23510

Sara A. John, VSB #48425
M. Richard Epps, P.C.
605 Lynnhaven Parkway
Virginia Beach, Virginia 23452
757-498-9600
Counsel for Westgate Lakes, LLC

You must also mail a copy to:

        Sara A. John
        M. Richard Epps, P.C.
        605 Lynnhaven Parkway
        Virginia Beach, VA 23452.

☐    Attend the hearing on the objection scheduled to be held on June 19, 2013 at 10:00 AM at United States Bankruptcy Court, 600 Granby Street, 4th Floor, Courtroom One, Norfolk, Virginia.

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the objection and may enter an order granting that relief.

Date: June 11, 2013                      Signature, name, address and telephone number
                                           of person giving notice:

                                           /s/ Sara A. John
                                           Sara A. John
                                           M. Richard Epps, P.C.
                                           605 Lynnhaven Parkway
                                           Virginia Beach, VA 23452
                                           757-498-9600
                                           Virginia State Bar No. 48425
                                           Counsel for Westgate Lakes, LLC

Certificate of Service

I hereby certify that on June 11, 2013 I mailed or electronically served a true copy of the foregoing Notice of Objection to: Phyllis Delores Whichard, 808 Freedom Avenue, Portsmouth, VA 23701; R. Clinton Stackhouse, Jr., Trustee, 7021 Harbour View Blvd., Suite 101, Suffolk, VA 23435; and Amber L. Quick, Counsel to Debtor, 133 Mt. Pleasant Road, Chesapeake, VA 23322.

                                           /s/ Sara A. John
                                           Sara A. John
                                           M. Richard Epps, P.C.

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF VIRGINIA
## NORFOLK DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| PHYLLIS DELORES WHICHARD, | ) | Case No. 13-71316-SCS |
| | ) | |
| Debtor. | ) | Chapter 13 |
| | ) | |
| _____ | ) | |
| WESTGATE LAKES, LLC | ) | |
| | ) | |
| Movant | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| PHYLLIS DELORES WHICHARD | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| R. CLINTON STACKHOUSE, JR. | ) | |
| | ) | |
| Trustee. | ) | |

### OBJECTION TO CONFIRMATION
### OF DEBTORS CHAPTER 13 PLAN

Comes now, creditor, Westgate Lakes, LLC ("Westgate"), by and through its undersigned attorney, and files this Objection to Confirmation of the Debtor's Chapter 13 Plan, and states as follows:

Sara A. John
Attorney at Law
M. Richard Epps, P.C.
605 Lynnhaven Parkway
Virginia Beach, VA 23452
(757) 498-9600 ext. 313
fax (757) 498-7927

**FACTUAL BACKGROUND**

On or about December 27, 2006, Debtor entered into a Note ("Note") and Warranty Deed and Lien on Real Property ("Deed") for the purchase of a timeshare located at 10,000 Turkey Lake Road, Orlando, FL 32819 Building 100 and more particularly described as:

½ Timeshare Interest(s) Floating as defined in the Declaration of Covenants, Conditions and Restrictions for Westgate Lakes, recorded in Official Records Book at page of the Public Records of Orange County, Florida (the "Plan").

Together with the right to occupy, pursuant to the Plan, Unit 21C, during Unit Week(s) 34, During Assigned Year Even. 10,000 Turkey Lake Road, Orlando, FL 32819, Building 100 (herein "Property Address")

A copy of the above-described Note and Deed with regard to the above-described timeshare is attached hereto as Exhibit "A."

**GROUNDS FOR OBJECTION**

Secured Creditor Westgate objects to Debtors' proposed Chapter 13 Plan of Reorganization on the following grounds:

Interest on Secured Claim.

Debtors' proposed Plan fails to provide for the present value of Westgate's secured claim by failing to provide the proper "formula" discount rate in conformance with 11 U.S.C. §1325(a)(5)(B)(ii) and Till v. SCS Credit Corp.,124 S. Ct. 1951 (2004). The Supreme Court determined in Till that the appropriate rate of interest for a secured claim should be determined

Sara A. John
Attorney at Law
M. Richard Epps, P.C.
605 Lynnhaven Parkway
Virginia Beach, VA 23452
(757) 498-9600 ext. 313
fax (757) 498-7927

by the "formula approach." id.  The "formula approach" requires the Court to take the national prime rate of interest and adjust this rate to compensate for an increased risk of default posed by Debtors.  id.  Factors which assist the Court in adjusting the prime rate of interest upwards include, but are not limited to, items such as (1) circumstances of the estate; (2) the nature of the security; and (3) duration and feasibility of the reorganization plan.  id.  It is important to note that the Till Court's reference to a 1-3% increase in the designation of risk appears only as dicta and does not limit the total adjustment of risk added to the interest rate on a secured claim.  id.

In the instant matter the Debtor's Chapter 13 Plan proposes payment of interest on the Note at the Rate of 5%.  The national prime rate of interest as of May 28, 2013 was 3.25%.  (And See Exhibit "B" attached to Exhibits A-E, filed herewith).   Adjusting the interest rate upwards is appropriate in this case because:

(1) The Debtors' Schedules I and J indicate that Debtors' disposable monthly income of $955.41 limits Debtors to a stringent budget to deal with the unexpected expenses and therefore places Debtors at a high risk of default under the Plan which is set at the maximum amount of 60 months.  (And Debtors' Schedules "I" and "J" attached as Exhibits "C" and "D" to Exhibits A-E, filed herewith).  If the Debtors fall behind, they may be unable to suspend payments or extend the Plan any further thereby rendering the Plan a failure.

(2) Debtors' expenses appear to be understated and therefore may result in an overly optimistic repayment plan to creditors and a higher degree of risk of default to Westgate.

(3) The Plan provides for repayment of Westgate's secured claim over a period of time which extends months beyond the original terms of the Contract and, as a consequence, Westgate is exposed to additional risk of default.

(4) The Plan and proposed interest rate fails to account for Westgate's lost opportunity in recovering and reselling the timeshare interest nor does it account for the time value of money which will be lost if the rate is left unadjusted.

Sara A. John
Attorney at Law
M. Richard Epps, P.C.
605 Lynnhaven Parkway
Virginia Beach, VA 23452
(757) 498-9600 ext. 313
fax (757) 498-7927

(5)   The rate proposed in the Chapter 13 Plan is significantly less than market rate for a timeshare loan.

(6)   The timeshare is a luxury item and therefore is not necessary for an effective reorganization of the debtor. As a result, if the debtor is unable to meet all obligations during the case, the timeshare will presumably be one of the first assets that the debtors will stop making payments on.

Based upon the foregoing factors, the Court should adjust the national prime rate of interest of 3.25% upward 12 percentage points as a result of the six factors which demonstrate a potential for default by the Debtors (for purposes of measuring the appropriate interest rate, Westgate has assigned each risk factor an interest rate percentage point of 2%). As such, Westgate objects to any proposed Plan which fails to pay each of Westgate's secured claims with 15.25% interest.

Value of Timeshare.

Debtor has failed to provide documentation that justifies a balance reduction downward to the amount of $1,000.00. Furthermore, pursuant to average resale amounts derived from sellmytimesharenow.com the average resale amount of a comparable unit is $7,600.00 and Westgate feels that the amount of the timeshare interest subject to this objection should not be valued at any amount less than $7,600.00. Therefore, Westgate's claim should be paid in full at the proposed rate of 15.25% on a total balance of $7,396.01. A true and correct copy of the average resale amounts is attached hereto as Exhibit "E."

Sara A. John
Attorney at Law
M. Richard Epps, P.C.
605 Lynnhaven Parkway
Virginia Beach, VA 23452
(757) 498-9600 ext. 313
fax (757) 498-7927

## **CONCLUSION**

Any Chapter 13 plan proposed by Debtor must provide for and eliminate the objections specified above in order to be reasonable and to comply with the applicable provisions of the Bankruptcy Code. It is respectfully requested that confirmation of the Proposed Chapter 13 plan be denied and that the case be dismissed forthwith.

WHEREFORE, Westgate prays as follows:

1. That confirmation of the Chapter 13 Plan be denied; or

2. That as a pre-requisite to confirmation of the Debtor's proposed Chapter 13 Plan, Debtors meet and satisfy the above stated objections; and

3. For such other and further relief as the Court deems just and proper.


Westgate Lakes, LLC
By Counsel


/s/ Sara A. John
Sara A. John
Attorney at Law
VSB #48425
M. Richard Epps, P.C.
605 Lynnhaven Parkway
Virginia Beach, VA 23452
(757) 498-9600 ext. 313
fax (757) 498-7927

Sara A. John
Attorney at Law
M. Richard Epps, P.C.
605 Lynnhaven Parkway
Virginia Beach, VA 23452
(757) 498-9600 ext. 313
fax (757) 498-7927

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true copy of Westgate Lakes, LLC's Objection to Confirmation of Plan was mailed, first class mail to Debtor, Phyllis Delores Whichard, 808 Freedom Avenue, Portsmouth, VA 23701 and via cm/ecf to Amber L. Quick and Steve C. Taylor, The Law Offices of Steve C. Taylor, 133 Mt. Pleasant Road, Chesapeake, VA 23322, and R. Clinton Stackhouse, Jr., 7021 Harbour View Boulevard, Suite 101, Suffolk, VA 23435 on this <u>11th</u> day of <u>June, 2013</u>.

                                            <u>/s/ Sara A. John</u>
                                            Sara A. John
                                            M. Richard Epps, P.C.

Sara A. John
Attorney at Law
M. Richard Epps, P.C.
605 Lynnhaven Parkway
Virginia Beach, VA 23452
(757) 498-9600 ext. 313
fax (757) 498-7927